United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Shatwaylla M. Youmans, Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 22-61535-Civ-Scola |
| | ) |
| Greyhound Bus Inc., Defendant. | ) |

### Order Dismissing Case

Previously, the Court reviewed pro se Plaintiff Shatwaylla M. Youmans's complaint and struck it, finding that it was a shotgun pleading. (Order, ECF No. 20.) The Court ordered Youmans to replead her case, if she could, in good faith, allege facts supporting a viable claim for relief against the Defendant. The Court also ordered Youmans to show cause why her complaint should not be dismissed as untimely. Accordingly, the Court ordered Youmans to file her amended complaint and respond to the order to show cause, by September 13, 2022, if she wished to proceed further with her case. (*Id.*) Since then, Youmans filed what she captioned, "Order Requiring Amended Complaint," and in which she requests a form "for motion to file" and seeks judicial disqualification of the Court from this case. (Pl.'s Filing, ECF No. 22.) There is no indication that Youmans intended this filing to serve as an amended pleading nor does it in any way respond to the Court's order to show cause. Further, Youman's request for disqualification, notable for its unwarranted vitriol and baseless allegations, is meritless.

Because Youmans has failed to comply with the Court's order, with the time to do so having long passed, the Court finds she has abandoned the prosecution of her case and, therefore, the Court dismisses it, without prejudice. *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962) (recognizing that courts are vested with the inherent power "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases" and "to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief").

On the other hand, should Youmans notify the Court that her filing was, indeed, intended to serve as an amended pleading, the Court will amend its dismissal to one *with* prejudice. As an amended complaint, this putative pleading is wholly deficient, failing to state any viable claim for relief. The pleading, if that is what Youmans intended it to be, fails to come anywhere close to articulating "enough facts to state a claim to relief that is plausible on

its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

 In sum, it appears Youmans has abandoned the prosecution of this matter by failing to file an amended pleading, as ordered. The Court therefore **dismisses** this case **without prejudice**, and directs the Clerk of the Court to **close** the matter. All other pending motions are **denied as moot**.

 If, however, Youmans intended her September 15 filing to serve as an amended pleading, she must so notify the Court, on or before **October 12, 2022**, and the Court will, for the reasons set forth above, amend this dismissal order to reflect that it is *with* prejudice.

 **Done and ordered**, in Miami, Florida, on September 29, 2022.

                            _____
                            Robert N. Scola, Jr.
                            United States District Judge